UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

IN RE:     Donna Marie Moccio            NO: 15-10470

           Debtor                        CHAPTER 13

# CHAPTER 13 PLAN

1. **FUNDING OF PLAN**
   The debtor shall commit the following future earnings, property, or other income to the custody and control of the standing trustee to fund the chapter 13 plan:

   Plan Payment:
   The debtor(s) to pay: $397.27 per month for 60 months, beginning on February 21, 2015 for a total of $23,836.07.

2. **DURATION**
   It is proposed that payments shall be made over a total period of 60 from the inception of this case.

3. **PAYMENTS TO THE TRUSTEE SHALL BE MADE FROM**
   [X]   Direct Payments from Debtor(s)
   [ ]   Debtor's Employer
   [ ]   Sale of Real Property

   From the payments so received, the trustee shall make disbursements as follows:

4. **ADMINISTRATIVE COSTS**
   Trustee's Compensation:  as determined from time to time by the U.S. Trustee's Office.

   Attorney's Fee
   　　Prepaid Portion        $ 1,190.00
   　　Pay Through Plan       $ 1,810.00
   　　Total Attorney Fee     $ 3,000.00*

   　　　　*To be paid in full within the first 12 months of the plan.

5. **PAYMENTS TO PRIORITY CLAIMS**
   The debtor shall make full payment in deferred cash payments of all claims entitled to priority under 11 U.S.C. 507, as follows:

| CREDITOR | TOTAL AMOUNT OWED | ANNUAL INTEREST | OF MONTHS | TOTAL PMT |
|---|---|---|---|---|

6. **PAYMENTS TO SECURED CLAIMS**

    Holders of allowed secured claims not described in this section shall retain the liens securing such claims and shall be paid post-petition, directly by debtor, as contractually due unless otherwise specified in this plan (arrears on said claims specifically discuss in paragraph 7).  Payments towards deficiencies on under-secured claims are listed with the Unsecured Claims.

| CREDITOR | TOTAL AMOUNT OWED | ANNUAL INTEREST | OF MONTHS | TOTAL PMT |
|---|---|---|---|---|

7. **ARREARAGES ON SECURED CLAIMS**

    Arrearages on secured clams not specifically accounted for in paragraph 6 above to be paid the claim amount in the manner described as follows:

| CREDITOR | AMOUNT CLAIMED | ANNUAL INTEREST | VALUE OF COLLATERAL | NUMBER OF MONTHS | TOTAL PMT |
|---|---|---|---|---|---|
| Citifinancial | $20,000 | | | | $20,000 |

8. **PROPERTIES TO BE SURRENDERED**

    The debtor shall surrender the collateral securing the claims of the following creditors in satisfaction of the secured portion of such creditors' allowed claims.  To the extent that the collateral does not satisfy such a creditor's claim, the creditor shall hold a non-priority, unsecured claim

    None

9. **LIEN AVOIDANCE**

    The following liens shall be avoided pursuant to 11 U.S.C. 522(f), or other applicable sections of the Bankruptcy Code:

    None

10. **PAYMENTS TO GENERAL UNSECURED CLAIMS**

    General unsecured claims timely filed and allowed shall be paid a pro rata share of their claims, after all other claims are paid.  Unsecured claims shall receive not less than the amount that would be paid on each claim if the estate were liquidated under Chapter 7.

11. **EXECUTORY CONTRACTS**

The following executory contracts of the debtor are accepted:

None

The following executory contracts of the debtor are rejected:

None

## 12. DIRECT PAYMENTS

The debtor shall make regular payments directly to the following creditors:

Citifinancial

## 13. REVESTMENT

Upon confirmation of the Plan, all property of the estate shall vest in the Debtor. The debtor shall remain in possession of all property of the estate during the pendency of this case unless specifically provided herein (11 U.S.C. 1306(b)). All secured creditors shall retain the liens securing their claims unless otherwise stated.

Dated:  2/5/2015                    ATTORNEY FOR DEBTORS:

/s/Charles Laputka/s/
Laputka Law Office
Charles Laputka, Esquire
1344 W. Hamilton Street
Allentown, PA 18102
610-477-0155